**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                 Case No.: 21-11554-PGH
                                                                            Chapter 7
**Wasim Shomar,**

      **Debtor.**
_____
**Soneet R. Kapila, Trustee in
Bankruptcy for Wasim Shomar,**

      **Plaintiff.**
**vs.**                                                                 Adv.Proc.No.:

**Rania Yousef and Sabah Barakat
aka Sabah Bakarat,**

      **Defendants.**
_____/

### TRUSTEE'S COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548, 550 AND FLORIDA STATUTES § 726, RESULTING TRUST, CONSTRUCTIVE TRUST AND EQUITABLE LIEN

     The Plaintiff (hereinafter referenced as the "Plaintiff" or "Trustee") Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar ("Debtor") by and through undersigned counsel, hereby sues the Defendants, Rania Yousef and Sabah Barakat aka Sabah Bakarat, pursuant to Bankruptcy Rule 7001, and alleges:

### JURISDICTION

     1.    This is an adversary proceeding brought by Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar, against the Debtor's ex-wife, Rania Yousef ("Ms. Yousef") and the Debtor's mother in law, Sabah Barakat aka Bakarat, ("Ms. Barakat"), or collectively (the "Defendants"), to avoid and recover voidable or fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, 550 and Section 726, *Florida Statutes*, and imposition of equitable lien through a resulting or

constructive trust as against real property located in New Jersey for funds of the Debtor improperly and fraudulently transferred to purchase such real property.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §157 and §1334(b).

3. This a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A),(B),(E),(H),(K) and (O).

4. This voluntary proceeding was filed on February 17, 2021 as a Chapter 7 proceeding. Soneet R. Kapila has been appointed as the Chapter 7 Trustee.

5. The Defendants, Sabah Barakat and Rania Yousef, are over the age of eighteen, are subject to the jurisdiction of the court. The Defendant, Ms. Barakat, is the mother in law of the Debtor and the Defendant, Ms. Yousef, is the ex-wife of the Debtor and are therefore insiders as defined by 11 U.S.C. §101(31) and applicable State law.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## PROCEDURAL HISTORY

7. The §341 Meeting of Creditors was held and concluded on March 23, 2021 [ECF No. 26].

8. The Debtor filed his Initial Schedules on February 17, 2021[ECF No. 1].

9. The Debtor filed his Amended Schedules on March 30, 2021 [ECF No. 33], his second Amended Schedules on June 17, 2021 [ECF No. 79], and his third Amended Schedules on September 10, 2021 [ECF No. 115].

10. On October 8, 2021, Trustee's counsel filed a Notice of Taking Rule 2004 Examination Duces Tecum of Rania Yousef ("Ms. Yousef") [ECF No. 125] and filed an Amended Notice of Taking Rule 2004 Examination Duces Tecum of Rania Yousef on October 25, 2021

[ECF No. 130].  Ms. Yousef and her counsel appeared at the examination on November 2, 2021.

## FACTUAL HISTORY

11.     During Ms. Yousef's Rule 2004 examination, she testified that certain transfers were made from the Debtor's bank accounts and/or credit cards to benefit her mother, Ms. Barakat. Ms. Yousef testified that a credit card charge of the Debtor was made payable to Stephan Baker, MD on March 2, 2019, in the amount of $18,060.00 for Ms. Barakat's plastic surgery.  Ms. Barakat rented an apartment at 475 Brickell Avenue, Apt. 2112, Miami Florida ("Brickell Avenue Apartment"). On January 14, 2020, a charge to the Debtor's credit card for $2,600.00 was paid to Cozy Services for Ms. Barakat's rent, another charge in the amount of $2,600.00 was charged on February 11, 2020 and another was paid in the amount of $2,600.00 on March 10, 2020.  All three charges on the Debtor's credit card to Cozy Services in the total amount of $7,800.00 were for payment of Ms. Barakat's rent at the Brickell Avenue Apartment. Further, Ms. Yousef testified that she transferred a total of $130,000.00 of funds traceable to the Debtor to purchase a one-half interest in a condominium located at 8915 Bergenwood Avenue, Apt. 5 a/k/a Apt. 16, North Bergen, New Jersey  07047 ("Real Property").  The deed to the Real Property obtaining ownership is only in the name of the Defendant, Ms. Barakat, which was done to hinder, delay and/or defraud creditors, including the Trustee and the Debtor himself.

12.     Ms. Yousef and the Debtor were married on June 3, 2019.

13.     The Debtor made certain transfers to Ms. Yousef pursuant to a Premarital Mahr Agreement (the "Agreement") dated May 29, 2019  The Trustee has sought to avoid the incurring of the obligation of the Agreement within the counts below which is specifically directed towards the Debtor entering into the Premarital Mahr Agreement. Ms. Yousef testified that the Agreement

provided for paying $50,000.00 and another $150,000.00 over time when they married. The Debtor transferred $50,000.00 on June 3, 2019, the day they got married. Ms. Yousef testified that the Debtor paid her another $50,000.00 on her birthday, which was January 16, 2020, and was to pay another $100,000.00 for her birthday on January 16, 2021, and another $300,000.00 if they divorced, according to the Agreement. Ms. Yousef testified that the Debtor never paid the $100,000.00. The two transfers of $50,000.00 on June 3, 2019 and January 16, 2020 will be hereinafter defined as the Agreement Transfers. Ms. Yousef filed proof of claim no. 14-1 in the amount of $102,726.19 asserting "Dower due on January16, 2021 per the Premarital and Mahr Agreement" with an attachment that lists an amount of $100,000.00 and interest in the amount of $2,726.19.

14.     Ms. Yousef and Ms. Barakat purchased the Real Property for a purchase price of $260,000.00 on September 30, 2020.   The Real Property is more particularly described as:

**ALL that (those) certain lots(s), tract(s) or parcel(s) of land, with the buildings and improvements thereon erected situate lying and being in the Township of North Bergen, County of Hudson, and State of New Jersey and is bounded and described as follows:**

**BEING known and designated as Unit No. 16, Parking Space 22, situated in Bell Crest Courtyard, a condominium, together with 0.901 and 0.1777% undivided interest in the Common Elements of said Condominium in accordance with and subject to the terms, limitations, conditions, covenants, restrictions, easemets, agreements and other provisions set forth in the Master Deed, which was dated 11/28/2001 and recorded 11/29/2001 in the Office of the Clerk of Hudson County in Deed Book 5903, Page 56, as amended in Deed Book 5927, Page 241 and Deed Book 5963, Page 153 as the same may now or hereafter be lawfully amended.**

**BEING known as Tax Lot 1, Qualifier C0016, C022, in Tax Block 413, on the Official Tax Map of the Township of North Bergen.**

15.     Ms. Yousef testified that the Debtor transferred $50,000.00 to her on June 3, 2019 and on January 16, 2020, the Debtor transferred $50,000.00 to Ms. Barakat. Such transfer to Ms.

Barakat was because of Ms. Yousef's request to transfer this $50,000.00 into her mother's name because she felt the Debtor was trying to take money away from her. Ms. Yousef testified that the second transfer of $50,000.00 was intended to be to purchase a one-half ownership interest in the Real Property. However, Ms. Yousef and Ms. Barakat agreed to put title of the Real Property in Ms. Barakat's name in an effort to place such funds beyond the reach of the Debtor and his creditors. It was agreed between the Defendants that once Ms. Yousef and the Debtor were divorced, Ms. Barakat would convey ownership of the Real Property into the name of herself and Ms. Yousef. Ms. Yousef testified that she transferred a total amount of $130,000.00 to Ms. Barakat for her one half interest in the Real Property, yet Ms. Yousef's name was not put on the deed to the Real Property.

16.    Ms. Yousef testified that in September of 2020, she withdrew $10,000.00 from her account, which was traceable to funds from the Debtor, to pay the purchase deposit on the Real Property.

17.    Ms. Yousef testified that on September 28, 2020, she wired funds from her account, all of which was traceable to the Debtor, in the amount of $115,702.00 towards the purchase of the Real Property. In total, after factoring in all funds traceable to the Debtor, $180,000.00 of funds traceable to the Debtor were transferred into the purchase of the Real Property.

18.    Within two (2) years of the filing of the bankruptcy petition, as evidenced by Exhibit "1" attached hereto, the Debtor transferred a total amount of $75,860.00 on behalf of or to the Defendant, Sabah Barakat.

19.    Within two (2) years of the filing of the bankruptcy petition, as evidenced by Exhibit "1" attached hereto, the Debtor transferred a total amount of $64,209.69 on behalf of or to the Defendant, Rania Yousef.

20.     The Debtor's transfers to and/or on behalf of the Defendant, Rania Yousef,  were paid from the Debtor's personal account and/or credit cards on behalf of Ms. Yousef within a four (4) year period in the total amount of $624,663.24, less the transfers made on behalf of Ms. Barakat in the total amount of $75,860.00, for a total amount of transfers to Rania Yousef in the amount of $548,803.24.  A list of the total transfers made to/or on behalf of both of the Defendants over a four year period of time is attached as Exhibit "2" ("Total Transfers"). The Agreement Transfers are included within the total transfers to Rania Yousef in the amount of $548,803.24.

21.     At the time of the Total Transfers from the Debtor to the Defendants as alleged above, the Debtor was insolvent or became insolvent as a result of same as defined within 11 U.S.C. §101(32) and Florida Statute §726 et seq.

## COUNT I - FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

22.     The Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

23.     Within two (2) years of the filing of the bankruptcy petition, as evidenced by Exhibit "1" attached hereto, the Debtor transferred a total amount of $75,860.00 on behalf of or/ to the Defendant, Sabah Barakat

24.     Within two (2) years of the filing of the bankruptcy petition, as evidenced by Exhibit "1" attached hereto, the Debtor transferred a total amount of $64,209.69 on behalf of or/ to the Defendant, Rania Yousef and transferred the Agreement Transfers in the amount of $100,000.00.  The total two (2) year transfers to both Defendants will collectively be defined as "Two Year Transfers".  A copy of the total Two Year Transfers made to/or on behalf of the Defendants is attached as Exhibit "1".  Additionally, the Debtor incurred the obligation of entering into the Agreement and making the Agreement Transfers in the amount of $100,000.00 within less than two years of the filing of the bankruptcy petition.

25.     The Two Year Transfers to the Defendants, the Debtor incurring the obligation of the Agreement and the Agreement Transfers were transfers made with the actual intent to hinder, delay, and/or defraud creditors pursuant to 11 U.S.C. § 548(a)(1).

26.     The Two Year Transfers, the incurring of an obligation pursuant to the Agreement and the Agreement Transfers occurred pre-petition occurred within two (2) years prior to the Petition Date, whereby the Debtor received less than a reasonably equivalent value in exchange for the transfers or incurring of the obligation of the Agreement and:

      (a)    Was insolvent on the date that the transfers or incurring of the obligation of the Agreement were made or became insolvent as a result of the transfers and of incurring of the obligation of the Agreement;

      (b)    Was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

      (c)    The Debtor intended to incur or believed that he would incur debts beyond his ability to pay as such debts matured.

27.     The Defendants were the initial transferees or the entities for whose benefit the Two Year Transfers were made and Ms. Yousef was the initial transferee or the entity for whose benefit the Agreement Transfers were made whereby the Plaintiff is entitled to recover the Two Year Transfers and Agreement Transfers pursuant to 11 U.S.C. § 550(a)(1), attached hereto as "Exhibit 1". Alternatively, the Defendants were the immediate or mediate transferee of the initial transferee for whose benefit the Two Year Transfers were made and Ms. Yousef was the immediate or mediate transferee of the initial transferee for whose benefit the Agreement Transfers were made and, as a result, the Plaintiff is entitled to recover the Two Year Transfers and Agreement Transfers pursuant to 11 U.S.C. §550(a)(2). In regard to the incurring of the obligation of the Agreement the proper and appropriate relief would be the setting aside and avoidance of the incurring of such

obligation.

**WHEREFORE**, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar, by and through undersigned counsel, respectfully requests that the Court enter a judgment setting aside, avoiding and recovering the Two Year Transfers and Agreement Transfers, thus entering judgment against Defendant, Rania Yousef, in the amount of $164,209.69 and against Defendant, Sabah Barakat, in the total amount of $75,860.00, further, that the Court set aside and avoid the incurring of the obligation of the Agreement thus finding same to be of no force and effect, plus that the Court award court costs and interest, plus such other and further relief as the Court deems just and proper.

### COUNT II – FRAUDULENT TRANSFERS PURSUANT TO §726.105(1)(A), *FLORIDA STATUTES* AND 11 U.S.C. §544(B)

28.     The Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

29.     Within two (2) years of the filing of the bankruptcy petition, as evidenced by Exhibit "1" attached hereto, the Debtor transferred a total amount of $75,860.00 on behalf of or/ to the Defendant, Sabah Barakat.

30.     Within two (2) years of the filing of the bankruptcy petition, as evidenced by Exhibit "1" attached hereto, the Debtor transferred a total amount of $64,209.69 on behalf of or/ to the Defendant, Rania Yousef.  Within four (4) years of the filing of the bankruptcy petition, as evidenced by Exhibit "2" attached hereto, the Debtor made transfers to both Defendants in the total amount of $624,663.24, which has been defined above as the Total Transfers. Additionally, the Debtor entered into the Agreement within less than two years of the filing of the bankruptcy petition.

31.     Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable

law by a creditor holding an unsecured claim that is allowable under §502 of this title or that is not allowable only under §502(e) of this title.

32.    §726.105(1)(a), *Florida Statutes*, provides that:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: with actual intent to hinder, delay, or defraud any creditor of debtor.

33.    As set forth above, the Total Transfers and the Debtor incurring the obligation of the Agreement were made with the actual intent to hinder, delay, and/or defraud creditors pursuant to §726.105(1)(a), *Florida Statutes*.

34.    The Defendants were the initial transferees or the entities for whose benefit the Total Transfers were made whereby the Trustee, Soneet R. Kapila, is entitled to recover such Total Transfers pursuant to 11 U.S.C. §550(a)(1).  Alternatively, the Defendants were the immediate or mediate transferee of the initial transferee for whose benefit the Total Transfers were made, and, as a result, the Plaintiff is entitled to recover the Total Transfers pursuant to 11 U.S.C. §550(a)(2). In regard to the incurring of the obligation of the Agreement the proper and appropriate relief would be the setting aside and avoidance of the incurring of such obligation.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside, avoiding and recovering the Total Transfers, thus entering judgment against Defendant, Rania Yousef, in the amount of $548,803.24 and against Defendant, Sabah Barakat, in the total amount of $75,860.00, further, that the Court set aside and avoid the incurring of the obligation of the Agreement thus finding same to be of no force and effect, plus award court costs and interest, plus such other and further relief as the Court deems just and proper.

## COUNT III – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO §726.105(1)(b), FLORIDA STATUTES AND 11 U.S.C. §544(B)

35.     The Trustee re-alleges paragraphs 1 through 21 as if fully set forth herein.

36.     Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of this title or that is not allowable only under §502(e) of this title.

37.     Section 726.105(1)(b), *Florida Statutes*, provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

(a)     was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(b)     intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

38.     The Total Transfers to or on behalf of the Defendants and the Debtor incurring the obligation of the Agreement were made without the Debtor receiving reasonably equivalent value in exchange for the Total Transfers pursuant to §726.105(1)(b), Florida Statutes.

39.     More specifically, within four (4) years of the Debtor's bankruptcy filing, the Debtor transferred a total of $75,860.00 to or behalf of Defendant, Sabah Barakat, a total of $548,803.24 on behalf of the Defendant, Rania Yousef, and incurred the obligation of the Agreement which were made without the Debtor receiving reasonably equivalent value in exchange for the Total Transfers or the incurring of the obligation of the Agreement pursuant to

§726.105(1)(b), Florida Statutes.

40.     At the time of the Total Transfers and the incurring of the obligation of the Agreement, the Debtor had incurred debts beyond his ability to pay as they became due.

41.     As a result of the Total Transfers and the incurring of the obligation of the Agreement, the Trustee has been damaged pursuant to 11 U.S.C. §544(b) for the total value of the Total Transfers.

42.     The Defendants were the initial transferee or the entities for whose benefit the Total Transfers were made whereby the Plaintiff is entitled to recover the Total Transfers pursuant to 11 U.S.C. §550(a)(1).  Alternatively, the Defendants were the immediate or mediate transferee of the initial transferee for whose benefit the Total Transfers were made, and, as a result, the Plaintiff is entitled to recover the Total Transfers pursuant to 11 U.S.C. §550(a)(2). In regard to the incurring of the obligation of the Agreement the proper and appropriate relief would be the setting aside and avoidance of the incurring of such obligation.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar, by and through undersigned counsel, respectfully requests that the Court enter a judgment setting aside, avoiding and recovering the Total Transfers, thus entering judgment against Defendant, Rania Yousef, in the amount of $548,803.24, against Defendant, Sabah Barakat, in the total amount of $75,860.00, further, that the Court set aside and avoid the incurring of the obligation of the Agreement thus finding same to be of no force and effect, plus award court costs and interest, plus such other and further relief as the Court deems just and proper.

### COUNT IV - FRAUDULENT TRANSFERS PURSUANT TO SECTION 726.106(1), FLORIDA STATUTES AND 11 U.S.C. §544(B)

43.     The Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

44.     Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of

the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable

law by a creditor holding an unsecured claim that is allowable under §502 of this title or that is not

allowable only under §502(e) of this title.

45.      §726.106(1), Florida Statutes, provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

46.      The Total Transfers and the incurring of the obligation of the Agreement occurred

pre-petition occurred within four (4) years prior to the Petition Date.

47.      Within four (4) years the Debtor transferred a total amount of $548,803.24 to or/on

behalf of Defendant, Rania Yousef, and incurred the obligation of the Agreement without the

Debtor receiving reasonably equivalent value pursuant to §726.106(1), Florida Statutes.

48.      Within four (4) years of the Debtor's filing, the Debtor transferred a total of

$75,860.00 to or behalf of Defendant, Sabah Barakat, without the Debtor receiving reasonably

equivalent value pursuant to §726.106(1), Florida Statutes.

49.      As set forth above, at the time(s) of the Total Transfers to the Defendants and the

incurring of the obligation of the Agreement, the Debtor was insolvent or became insolvent as a

result of the Total Transfers and incurring of the obligation of the Agreement.

50.      At the time(s) of the Total Transfers, the Debtor was indebted to creditors in an

amount in excess of the Total Transfers and any debt created by virtue of incurring the obligation

of the Agreement.

51.      As a result of the Transfers and the incurring of the obligation of the Agreement,

the Trustee has been damaged pursuant to 11 U.S.C. § 544(b) for the total value of the Transfers

and any debt created by incurring the obligation of the Agreement.

52.     The Defendants were the initial transferee or the entity for whose benefit the Total Transfers were made whereby the Plaintiff is entitled to recover the Total Transfers pursuant to 11 U.S.C. §550(a)(1). Alternatively, the Defendants were the immediate or mediate transferee of the initial transferee for whose benefit the Total Transfers were made, and, as a result, the Plaintiff is entitled to recover the Total Transfers pursuant to 11 U.S.C. §550(a)(2). In regard to the incurring of the obligation of the Agreement the proper and appropriate relief would be the setting aside and avoidance of the incurring of such obligation.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar, by and through undersigned counsel, respectfully requests that the Court enter a judgment setting aside, avoiding and recovering the Total Transfers, thus entering judgment against against Defendant, Rania Yousef, in the amount of $548,803.24, against Defendant, Sabah Barakat, in the total amount of $75,860.00, further, that the Court set aside and avoid the incurring of the obligation of the Agreement thus finding same to be of no force and effect, plus award court costs and interest, plus such other and further relief as the Court deems just and proper.

## COUNT V - RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550

53.     The Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

54.     The Total Transfers occurred pre-petition within four (4) years prior to the Petition Date.

55.     Within four (4) years the Debtor transferred a total amount of $548,803.24 to or/on behalf of Defendant, Rania Yousef.

56.     Within four (4) years of the Debtor's filing, the Debtor transferred a total of

$75,860.00 to or behalf of Defendant, Sabah Barakat.

57.     This count is pled as an effectuating count whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided Total Transfers pursuant to a separately pled count, this count is being separately pled.

58.     Upon the Court setting aside and avoiding the Total Transfers referenced in the preceding counts, for any amount either more or less than $624,663.24, the Plaintiff seeks to recover such Total Transfers pursuant to 11 U.S.C. §550. To whatever extent the Court determines that some form of recovery is necessary in regard to the setting aside and avoidance of the incurring of the obligation of the Agreement, the Trustee seeks same herein.

WHEREFORE, the Plaintiff, Soneet R. Kapila, as Trustee in Bankruptcy for Wasim Shomar, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside, avoiding and recovering the Total Transfers, thus entering judgment against Defendant, Rania Yousef, in the amount of $548,803.24, and against Defendant, Sabah Barakat, in the total amount of $75,860.00, the Plaintiff is entitled to recover the Total Transfers from the Defendants pursuant to 11 U.S.C. §550(a)(1) and obtain any recovery deemed necessary based upon the setting aside and avoidance of the incurring of the obligation of the Agreement or alternatively, that the Court enter judgment finding that  the Defendants are the immediate or mediate transferee of the initial transferee for whose benefit the Total Transfers were made, and as a result, the Plaintiff is entitled to recover the Total Transfers as referenced above from the Defendants pursuant to 11 U.S.C. §550(a)(2) and obtain any recovery deemed necessary based upon the setting aside and avoidance of the incurring of the obligation of the Agreement.

## COUNT V - RESULTING TRUST

59.     The Plaintiff alleges paragraphs 1 through 21 as if fully pled herein.

60.     This is an action to establish a resulting trust against the Real Property located at 8915 Bergenwood Avenue, Apt. 5 a/k/a Apt. 16, North Bergen, New Jersey  07047 (the "Real Property").   The Real Property is more particularly described as:

**ALL that (those) certain lots(s), tract(s) or parcel(s) of land, with the buildings and improvements thereon erected situate lying and being in the Township of North Bergen, County of Hudson, and State of New Jersey and is bounded and described as follows:**

**BEING known and designated as Unit No. 16, Parking Space 22, situated in Bell Crest Courtyard, a condominium, together with 0.901 and 0.1777% undivided interest in the Common Elements of said Condominium in accordance with and subject to the terms, limitations, conditions, covenants, restrictions, easemets, agreements and other provisions set forth in the Master Deed, which was dated 11/28/2001 and recorded 11/29/2001 in the Office of the Clerk of Hudson County in Deed Book 5903, Page 56, as amended in Deed Book 5927, Page 241 and Deed Book 5963, Page 153 as the same may now or hereafter be lawfully amended.**

**BEING known as Tax Lot 1, Qualifier C0016, C022, in Tax Block 413, on the Official Tax Map of the Township of North Bergen.**

61.     As testified by the Defendant, Ms. Yousef, at her Rule 2004 Examination, and supported by financial records obtained by the Trustee, there are total transfers traceable to the Debtor in the amount of $180,000.00 that was used to purchase the Real Property, including funds in the amount of $130,000.00 used by Ms. Yousef to purchase her interest in the Real Property under the name of Ms. Barakat all with specific fraudulent intent.

62.     More specifically, the defendant, Ms. Yousef testified that she used funds transferred to her from the Debtor in the total amount of $130,000.00 to pay the balance of the purchase price for the Real Property.  These transfers can be traced as funds directly from the Debtor's bank accounts and/or credit cards.

63.     A resulting trust may be imposed against real property to right a wrong committed and to prevent unjust enrichment of one person at the expense of another either as a result of fraud,

undue influence, abuse of confidence or mistake in the transaction.

64.    A resulting trust is needed to prevent unjust enrichment of the Defendants who acquired the Real Property through fraud or other questionable means. The imposition of a resulting trust is needed to prevent fraud and/or injustice. All funds used by the Defendants to purchase the Real Property are the results of actual and constructive fraudulent transfers from the Debtor, as alleged more specifically above.

65.    Equity and justice dictate that it would be unconscionable for the Defendants to retain the benefit of the Debtor's assets.

66.    The Trustee seeks a ruling from the Court imposing a trust and/or an equitable lien against the Real Property in the amount of $180,000.00, with the authority to foreclose same within the Bankruptcy Court, such that the Trustee can administer the Real Property for the benefit of the estate.

WHEREFORE, the Plaintiff, Soneet R, Kapila, Trustee in Bankruptcy for Wasim Shomar, by and through undersigned counsel, seeks a ruling by the Court imposing a trust and/or an equitable lien against the Real Property in the amount of $180,000.00, with the authority to foreclose same within the Bankruptcy Court, along with an award for interest and costs of this proceeding, plus such other and further relief as the Court deems just and proper.

## COUNT VI - CONSTRUCTIVE TRUST

67.    The Plaintiff alleges paragraphs 1 through 21 as if fully pled herein.

68.    This is an action to establish a constructive trust against the Real Property located at 8915 Bergenwood Avenue, Apt. 5 a/k/a Apt. 16, North Bergen, New Jersey  07047.

69.    As testified by the Defendant, Ms. Yousef, at her Rule 2004 Examination, and supported by financial records obtained by the Trustee, there are total transfers traceable to the

Debtor in the amount of $180,000.00 that was used to purchase the Real Property, including funds in the amount of $130,000.00 used by Ms. Yousef to purchase her interest in the Real Property under the name of Ms. Barakat all with specific fraudulent intent.

70.    More specifically, the defendant, Ms. Yousef testified that she used funds transferred to her from the Debtor in the total amount of $130,000.00 to pay the balance of the purchase price for the Real Property.  These transfers can be traced as funds directly from the Debtor's bank accounts and/or credit cards.

71.    A constructive trust may be imposed against Real Property to right a wrong committed and to prevent unjust enrichment of one person at the expense of another either as a result of fraud, undue influence, abuse of confidence or mistake in the transaction.

72.    The Defendants' interest in the Real Property acquired an advantage over other creditors that have filed claims in this estate.

73.    A constructive trust is needed to prevent unjust enrichment of the Defendant who acquired the Real Property through fraud or other questionable means. The imposition of a constructive trust is needed to prevent fraud and/or injustice.

74.    Equity and justice dictate that it would be unconscionable for the Defendants to retain the benefit of the Debtor's assets.

75.    The Trustee seeks a ruling from the Court imposing a trust and/or an equitable lien against the Real Property in the amount of $180,000.00, with the authority to foreclose same within the Bankruptcy Court, such that the Trustee can administer the Real Property for the benefit of the estate.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar, by and through undersigned counsel, seeks a ruling by the Court imposing a trust and/or an

equitable lien against the Real Property in the amount of $180,000.00, with the authority to foreclose same within the Bankruptcy Court, along with an award for interest and costs of this proceeding, plus such other and further relief as the Court deems just and proper.

### COUNT VII - EQUITABLE LIEN

76.    The Plaintiff alleges paragraphs 1 through 21 as if fully pled herein.

77.    This is an action to establish an equitable lien on the Real Property located at 8915 Bergenwood Avenue, Apt. 5 a/k/a Apt. 16, North Bergen, New Jersey 07047.

78.    As testified by the Defendant, Ms. Yousef, at her Rule 2004 Examination, and supported by financial records obtained by the Trustee, there are total transfers traceable to the Debtor in the amount of $180,000.00 that was used to purchase the Real Property, including funds in the amount of $130,000.00 used by Ms. Yousef to purchase her interest in the Real Property under the name of Ms. Barakat all with specific fraudulent intent.

79.    More specifically, the defendant, Ms. Yousef testified that she used funds transferred to her from the Debtor in the total amount of $130,000.00 to pay the balance of the purchase price for the Real Property. These transfers can be traced as funds directly from the Debtor's bank accounts and/or credit cards.

80.    An equitable lien may be imposed against the Real Property where an asset is obtained through fraud or egregious conduct was used to invest in, purchase or improve the asset. The basis of equitable liens may be estoppel or unjust enrichment, including family members or those with close personal relationships.

81.    The Defendants knew at all such times relevant to this proceeding that the Debtor had substantial unpaid creditors that have filed claims in this estate and that they were obtaining funds that were the result of actual and constructively fraudulent transfers. The Defendants were

not good faith transferees without knowledge of the avoidability of any of the transfers which were used to purchase the Real Property.

82.    The Defendants are currently enjoying the benefit of the Real Property.

83.    Equity and justice dictate that it would be unconscionable for the Defendants to retain the benefit of the Debtor's assets.

84.    An equitable lien is needed to prevent unjust enrichment of the Defendants, who acquired the Real Property through fraud or other questionable means. An equitable lien is needed to prevent the unjust enrichment of the Defendants over the Debtor's creditors that have filed claims in this estate.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Wasim Shomar, by and through undersigned counsel, seeks a ruling by the Court imposing a trust and/or an equitable lien against the Real Property in the amount of $180,000.00, with the authority to foreclose same within the Bankruptcy Court, along with an award for interest and costs of this proceeding, plus such other and further relief as the Court deems just and proper.

## COUNT VIII-OBJECTION TO PROOF OF CLAIM

85.    The Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

86.    This is an action objecting to proof of claim no. 14-1 in the amount of $102,726.19 filed by Rania Yousef against the Debtor pursuant to 11 U.S.C. §502(d) and Bankruptcy Rule 3007.  A true and correct copy is attached hereto as "Exhibit 3".

87.    There is no legal basis warranting an allowance of the proof of claim sought by Rania Yousef pursuant to the Agreement as same would be an illegal and unenforceable contract within the State of Florida and pursuant to federal law. Further, to whatever extent necessary, the Trustee has sought an avoidance of the Agreement as a fraudulent transfer within the preceding

counts, which would be additional grounds to disallow any proof of claim filed by Rania Yousef.

88.    Pursuant to 11 U.S.C. §502(b) the Court shall disallow any claim of any entity from which property is recoverable under §§542, 543, 550, or 553 of title 11 or that is a transferee of a transfer avoidable under §§522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of title 11 unless such entity or transferee has paid the amount, or turned over an such property, for which such entity or transferee is liable under §§522(i), 542, 543, 550, or 553 of title 11.   Notwithstanding all other grounds to disallow the Defendant's claim, unless and until the Defendant turns over all sums due and owing to the estate, her proof of claim must be disallowed.

89.    Accordingly, Plaintiff objects to Rania Yousef's Claim no. 14-1 in its entirety and seeks a judgment disallowing this claim against the Debtor's estate.

WHEREFORE, the Plaintiff respectfully requests this Court to enter an order disallowing Rania Yousef's Claim No. 14-1 in its entirety and grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Dated:  February 16, 2023**                    **GREENSPOON MARDER, LLP**

*/s/ Michael R. Bakst*
**Michael R. Bakst, Esq.**
**Florida Bar No.:  866377**
**Attorneys for the Trustee**
**525 Okeechobee Blvd., Suite 900**
**West Palm Beach FL 33401**
**Telephone: (561) 838-4523**
**Michael.bakst@gmlaw.com**

**EXHIBIT "1"**

| 2 year transfers on behalf of or for Rania Yousef | | | | |
|---|---|---|---|---|
| | | | | |
| | **Payor** | **Date** | **Payee** | **Amount** |
| CC Charge | WS CC | 09/18/18 | Roche Bobois | $9,486.75 |
| CC Charge | WS CC | 09/27/18 | China Cabinet | $975.00 |
| CC Charge | WS CC | 10/01/18 | Dior | $1,273.30 |
| CC Charge | WS CC | 10/01/18 | Zadig & Voltaire | $663.40 |
| CC Charge | WS CC | 10/01/18 | Louis Vuitton | $3,488.20 |
| CC Charge | Universal Lynx | 10/13/18 | Saks | $3,049.50 |
| CC Charge | WS CC | 10/31/18 | Dior | $2,899.70 |
| CC Charge | Universal Lynx | 12/22/18 | Givenchy | $593.85 |
| CC Charge | Universal Lynx | 12/22/18 | Desigual | $382.12 |
| CC Charge | Universal Lynx | 12/22/18 | Gucci | $952.30 |
| CC Charge | Universal Lynx | 12/22/18 | Designer Eyes | $273.49 |
| CC Charge | Universal Lynx | 12/23/18 | Flavio Castellani | $1,253.08 |
| Bank Transaction | Wire | 11/29/2018 | Rania Yousef | $15,000.00 |
| Bank Transaction | Wire | 01/07/19 | Rania Yousef | $4,000.00 |
| Bank Transaction | Wire | 02/04/19 | Rania Yousef | $20,000.00 |
| **Total** | | | | **$64,290.69** |

| 2 year transfers on behalf of or for Sabah Bakarat | | | | |
|---|---|---|---|---|
| | | | | |
| | **Payor** | **Date** | **Payee** | **Amount** |
| CC Charge | WS CC | 3/2/2019 | Stephan Baker, MD | $18,060.00 |
| Bank Transaction | Wire | 10/10/2019 | Rania-Sabah Rakarat | $10,000.00 |
| Bank Transaction | Wire | 1/14/2020 | Cozy Services | $2,600.00 |
| Bank Transaction | Check | 1/16/2020 | Rania-Sabah Rakarat | $50,000.00 |
| Bank Transaction | Wire | 2/11/2020 | Cozy Services | $2,600.00 |
| Bank Transaction | Wire | 3/10/2020 | Cozy Services | $2,600.00 |
| **Total** | | | | **$85,860.00** |

**EXHIBIT "2"**

| Classification | CC / Type | Date | Company | Amount |
|---|---|---|---|---|
| | | | 4 year Transfers on behalf or to Rania Yousef and Sabah Bakarat | |
| CC Charge | WS CC | 09/18/18 | Roche Bobois | 9,486.75 |
| CC Charge | WS CC | 09/27/18 | China Cabinet | 975.00 |
| CC Charge | WS CC | 10/01/18 | Dior | 1,273.30 |
| CC Charge | WS CC | 10/01/18 | Zadig & Voltaire | 663.40 |
| CC Charge | WS CC | 10/01/18 | Louis Vuitton | 3,488.20 |
| CC Charge | Universal Lynx | 10/13/18 | Saks | 3,049.50 |
| CC Charge | WS CC | 10/31/18 | Dior | 2,899.70 |
| CC Charge | Universal Lynx | 12/22/18 | Givenchy | 593.85 |
| CC Charge | Universal Lynx | 12/22/18 | Desigual | 382.12 |
| CC Charge | Universal Lynx | 12/22/18 | Gucci | 952.30 |
| CC Charge | Universal Lynx | 12/22/18 | Designer Eyes | 273.49 |
| CC Charge | Universal Lynx | 12/23/18 | Flavio Castellani | 1,253.08 |
| CC Charge | WS CC | 01/02/19 | Bergdorf Goodman | 3,538.44 |
| CC Charge | WS CC | 01/03/19 | Bergdorf Goodman | 923.26 |
| CC Charge | WS CC | 01/03/19 | Bergdorf Goodman | 7,524.36 |
| CC Charge | Universal Lynx | 01/09/19 | Erwin Pearl | 1,650.56 |
| CC Charge | Universal Lynx | 02/18/19 | Maxmara | 931.88 |
| CC Charge | WS CC | 02/19/19 | Roberto Cavalli | 1,895.19 |
| CC Charge | WS CC | 02/19/19 | Roberto Cavalli | 454.97 |
| CC Charge | WS CC | 02/20/19 | Bottega Veneta | 1,766.84 |
| CC Charge | WS CC | 02/20/19 | S. Ferragamo | 1,285.47 |
| CC Charge | Universal Lynx | 03/01/19 | Fendi | 909.50 |
| CC Charge | WS CC | 03/02/19 | Stephan Baker MD | 18,060.00 |
| CC Charge | WS CC | 03/16/19 | Saks | 2,771.30 |
| CC Charge | WS CC | 03/18/19 | Newman Marcus | 952.30 |
| CC Charge | WS CC | 04/04/19 | Traditional Jewelers | 17,078.38 |
| CC Charge | Universal Lynx | 04/14/19 | Michael Kors | 576.83 |
| CC Charge | Universal Lynx | 04/15/19 | Michael Kors | 449.17 |
| CC Charge | WS CC | 04/15/19 | Coach | 307.55 |
| CC Charge | WS CC | 04/15/19 | Maxmara | 3,722.39 |
| CC Charge | WS CC | 04/15/19 | S. Ferragamo | 2,580.51 |
| CC Charge | Universal Lynx | 04/23/19 | Saks | 749.00 |
| CC Charge | Universal Lynx | 04/26/19 | Saks | 2,282.31 |
| CC Charge | Universal Lynx | 04/29/19 | Bergdorf Goodman | 647.81 |
| CC Charge | Universal Lynx | 04/29/19 | Bergdorf Goodman | 4,730.62 |
| CC Charge | LEG CC | 05/11/19 | China Cabinet | 4,000.00 |
| CC Charge | Universal Lynx | 05/15/19 | Saks | 599.20 |
| CC Charge | Universal Lynx | 05/15/19 | Saks | 112.82 |
| CC Charge | Universal Lynx | 05/15/19 | Saks | 1,422.03 |
| CC Charge | LEG CC | 05/18/19 | Nordstrom | 2,878.30 |
| CC Charge | Universal Lynx | 05/19/19 | Christian Louboutin | 904.15 |
| CC Charge | Universal Lynx | 05/21/19 | Saks | 1,474.46 |
| CC Charge | Universal Lynx | 05/24/19 | Intermix | 318.88 |
| CC Charge | Universal Lynx | 05/24/19 | Coach | 288.90 |
| CC Charge | Universal Lynx | 05/24/19 | Coach | 288.90 |
| CC Charge | Universal Lynx | 05/31/19 | Saks | 2,154.44 |
| CC Charge | Universal Lynx | 06/03/19 | Saks | 406.60 |
| CC Charge | LEG CC | 06/06/19 | Danielli | 18,000.00 |
| CC Charge | Universal Lynx | 06/08/19 | Bergdorf Goodman | 3,388.19 |
| CC Charge | Universal Lynx | 06/14/19 | CH Carolina Herrera | 2,078.75 |
| CC Charge | Universal Lynx | 06/14/19 | Prada | 448.37 |
| CC Charge | Universal Lynx | 07/07/19 | Saks | 683.55 |
| CC Charge | Universal Lynx | 07/07/19 | Newman Marcus | 3,296.48 |
| CC Charge | Universal Lynx | 07/15/19 | Bergdorf Goodman | 2,863.42 |
| CC Charge | Universal Lynx | 09/10/19 | APM Miami | 943.00 |
| CC Charge | Universal Lynx | 09/17/19 | Saks | 759.70 |
| CC Charge | Universal Lynx | 10/04/19 | Saks | 929.57 |
| CC Charge | Universal Lynx | 10/04/19 | Saks | 429.34 |
| CC Charge | Universal Lynx | 10/04/19 | Saks | 406.80 |
| CC Charge | WS CC | 10/08/19 | Danielli | 7,000.00 |
| CC Charge | Universal Lynx | 10/12/19 | Desigual | 954.66 |

| | | | | |
|---|---|---|---|---:|
| CC Charge | Universal Lynx | 10/12/19 | DVF Studio | 1,388.86 |
| CC Charge | Universal Lynx | 10/12/19 | Swarovski | 324.75 |
| CC Charge | Universal Lynx | 10/12/19 | Swarovski | 608.78 |
| CC Charge | Universal Lynx | 10/13/19 | APM Miami | 723.00 |
| CC Charge | Universal Lynx | 10/14/19 | Newman Marcus | 1,273.30 |
| CC Charge | Universal Lynx | 10/15/19 | Michele Lopriore | 347.75 |
| CC Charge | Universal Lynx | 10/15/19 | Saks | 481.50 |
| CC Charge | Universal Lynx | 10/16/19 | Saks | 955.51 |
| CC Charge | Universal Lynx | 10/16/19 | Saks | 485.78 |
| CC Charge | Universal Lynx | 11/02/19 | Lauren Moshi | 582.00 |
| CC Charge | Universal Lynx | 11/07/19 | Scorch Soda | 2,226.67 |
| CC Charge | WS CC | 11/29/19 | Lola Cruz | 275.63 |
| CC Charge | WS CC | 11/29/19 | Saks | 561.75 |
| CC Charge | WS CC | 12/06/19 | Saks | 1,681.18 |
| CC Charge | WS CC | 12/06/19 | Saks | 615.25 |
| CC Charge | Universal Lynx | 12/23/19 | Furla | 666.61 |
| CC Charge | Universal Lynx | 12/23/19 | Nordstrom | 313.26 |
| CC Charge | Universal Lynx | 12/23/19 | Diesel | 819.19 |
| CC Charge | Universal Lynx | 12/31/19 | Bergdorf Goodman | (672.85) |
| CC Charge | Universal Lynx | 12/31/19 | Bergdorf Goodman | 3,364.24 |
| CC Charge | Universal Lynx | 01/25/20 | Michael Kors | 210.20 |
| CC Charge | Universal Lynx | 01/25/20 | R Lauren | 383.27 |
| CC Charge | Universal Lynx | 01/26/20 | Tory Buch | 325.50 |
| Bank Transaction | Wire | 11/29/18 | Rania Yousef | 15,000.00 |
| Bank Transaction | Wire | 01/07/19 | Rania Yousef | 4,000.00 |
| Bank Transaction | Wire | 02/04/19 | Rania Yousef | 20,000.00 |
| Bank Transaction | Wire | 05/06/19 | Rania Yousef | 3,000.00 |
| Bank Transaction | Wire | 05/07/19 | Rania Yousef | 3,000.00 |
| Bank Transaction | Wire | 05/13/19 | Rania Yousef | 5,000.00 |
| Bank Transaction | Wire | 05/23/19 | Rania Yousef | 10,000.00 |
| Bank Transaction | Wire | 06/03/19 | Rania Yousef | 2,000.00 |
| Bank Transaction | Check | 06/03/19 | Rania Yousef | 50,000.00 |
| Bank Transaction | Wire | 06/26/19 | Rania Yousef | 3,000.00 |
| Bank Transaction | Wire | 10/10/19 | Rania Yousef | 10,000.00 |
| Bank Transaction | Check | 10/22/19 | Rania Yousef | 5,400.00 |
| Bank Transaction | Wire | 01/14/20 | Cozy Services - Bakarat | 2,600.00 |
| Bank Transaction | Check | 01/16/20 | Rania Yousef | 50,000.00 |
| Bank Transaction | Wire | 02/11/20 | Bakarat | 2,600.00 |
| Bank Transaction | Wire | 03/10/20 | Bakarat | 2,600.00 |
| Bank Transaction | Wire | 03/17/19 | Jaes Jewelers | 150,000.00 |
| Jewelry Purchase | Receipts | 06/01/19 | Jaes Jewelers | 47,000.00 |
| Jewelry Purchase | Receipts | 06/10/19 | Jaes Jewelers | 6,819.22 |
| Jewelry Purchase | Receipts | 09/02/19 | Danielli | 32,000.00 |
| Jewelry Purchase | Receipts | 12/18/19 | Jaes Jewelers | 4,802.16 |
| Jewelry Purchase | Receipts | 12/18/19 | Jaes Jewelers | 19,790.89 |
| **Total** | | | | **624,663.24** |

**EXHIBIT "3"**

**Fill in this information to identify the case:**

Debtor 1    Wasim Shomar

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of Florida

Case number    21-11554

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

Rania Yousef
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Carlos de Zayas, Esq.
Name

Lydecker Diaz, 1221 Brickell Ave., 19th Floor
Number    Street

Miami                          FL        33131
City                State        ZIP Code

Contact phone (305) 416-3180

Contact email cdz@lydeckerdiaz.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City                State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
         MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___  ___  ___  ___

**7. How much is the claim?**

$_____102,726.19 . Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Dower due on 1/16/2021 per the Premarital and Mahr Agreement***

**9. Is all or part of the claim secured?**

☑ No
☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ 102,726.19 |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/11/2021
MM / DD / YYYY

/s/ Carlos de Zayas
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Carlos de Zayas |
| | First name    Middle name    Last name |
| Title | Attorney for Creditor, Rania Yousef |
| Company | Lydecker Diaz |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 1221 Brickell Ave., 19th Floor |
| | Number    Street |
| | Miami    FL    33131 |
| | City    State    ZIP Code |
| Contact phone | (305) 416-3180    Email cdz@lydeckerdiaz.com |

**PRE-JUDGMENT INTEREST ACCRUED FROM JANUARY 16, 2021 TO AUGUST 11, 2021**

| Dates: | Amount Due: | Interest Rate: | Per Diem: | Interest Due: | Total Amount Due with Interest: |
|---|---|---|---|---|---|
| January 16, 2021 – August 11, 2021 (207 days) | $100,000 | 4.81% | $13.17 | $2,726.19 | $102,726.19 |

***The *Premarital and Mahr Agreement by and Between Rania Yousef and Wasim Shomar* (the "Agreement") has not been attached to the Proof of Claim because said Agreement is confidential. Ms. Yousef will provide a copy of the Agreement upon receipt of written consent from Mr. Shomar or his counsel or entry of a court order.

EXH. "A"